# MEMORANDUM OF LAW IN SPPORT OF PETITIONER FOR TERMINATION AND/OR MODIFICATION OF TERM OF SUPERVISED RELEASE

A District Court's discretionary authority provided by 18 U.S.C. Section 3583 (e)(1) to terminate a term of Supervised Release after the completion of one (1) year applies even if the Defendant was sentence to a mandatory term of 3 years or more of Supervised Release.

Title 18 U.S.C. Section 3583 (e) (1) and the Court's discretionary authority was made part of the original changes in post-conviction supervision brought on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided by Section 851 (b) (1) (c) as part of the Anti Drug Abuse Act, Section 3583 (a) was amended to reflect the new mandatory minimums, but Congress said nothing and did nothing, about the discretion provided in Section 3583 (e) (1).

The ADAA also amended 18 U.S.C. Section 3583 (a) to Section (a) to include the requirement that if a Court is to impose a sentence of Imprisonment the Court must "include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by Statue." The ADAA, however, did not amend the Court's discretionary authority to terminate or modify supervised release under Section 3583 (e) (1).

In the mind of Congress, as expressed in plain meaning of the States . . . The Sentencing phrase is different than post-sentence modification. Prior to the

Congressional Amendment f 18 U.S.C. Section 3583 (a) in the ADAA, the district courts had the authority under 18 U.S.C. Section 3583 (e) (1); it also had the additional and separate discretionary authority to terminate a term of supervised release after one year of completion. When Congress subsequently amended 18 U.S.C. Section 3583 (a) to require the courts to impose a term of supervised release, on a defendant if such a term is required by Statue, it only partially limited a Court's discretionary authority to impose the sentence. Congress did not alter the Court's separate authority to terminate a sentence of supervised release, under 18 U.S.C. Section 3583 (3) (1), if the conduct of the person and the interest of justice warranted it.

Seen as two separate chronological phases, the statue mandating a specific sentence of supervised release and the statue authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict, as :[n] either statue prohibits the other from working." GALLENSTEIN V. U.S. 975 F. 2d 286 at 291 (CA9 1992). Therefore, in the absence of clear Congressional expression to the contrary, a court must give effect to both statues. Even though the court had to sentence Petitioner to a mandatory term of supervised release it still has the subsequent discretionary authority to terminate Petitioner's term of supervised release and discharge Petitioner after one year of completion.[1]

---

[1] See, U.S. V. Spinelle, CA6, 93-2481, (12/7/94)

Recent analogous cases also support Petitioner's position. <u>COZLON – PEREZ</u> 498 U. S. 395, 48 CRL 2095 (1991), the Supreme Court stated that :[T]he reasonable assumption is that when Congress adopted the ADAA and used the term of 'Supervised Release', it knew of the full definition in the existing sentencing Reform Act and Legislated with reference to it." If Congress had intended to exempt mandatory terms of supervised release from the District Court's terminating authority under Section 3583 (a), but it did not change the District Court's authority.

In <u>RODRIGUERA V. U.S.</u> 954 F.2d 1465 (1992) the Ninth Circuit held that Section 3583 (e) (2) which authorizes a district court to extend a term or modify the conditions of supervised release, applied to the supervised release term <u>Rodriguera</u> had received. The Court stated: 'Given the anomalous results which would be produced by requiring supervised release terms for these ADAA drug offenses without adopting standards to guide their implementation, it would have been reasonable for Congress to assume that the instruction on revocation of supervised release contained in 18 U. S. C. Section 3583 (e) (2) would apply to supervised release terms imposed for ADAA offenses." Id. <u>At 1469</u>. The same reasoning, along with previous arguments lead to - - - the conclusion that Congress intended the instructions for the termination of supervised release contained in 18 U. S. C. Section 3583 (e) (1) to apply to the supervised release terms imposed for the ADAA offenses. Also, all offenses under Title 18 U. S. C. and it's sections.

WHEREAS Premises considered herein above, and in accord with authority cited hereunder Petitioner's hereto attached memorandum of law, Petitioner prays this Honorable Court will terminate and/or modify Petitioner's term of supervised release.

RESPECTFULLY SUBMITTED,

_____
Petitioner

---

1/  Attached herewith are affidavits submitted on Petitioner's behalf from various supporters.

# AFFIDAVIT OF JIMMY G. NIXON SR

I Jimmy G. Nixon, Sr hereby depose and stated before a notary public that the content and evidence hereby attached is true to the best of my knowledge and belief.

That on or about September or October 1996, I was indicted, arrested, held in jail without bail, convicted and sentenced to 235 months with three years supervised release.

That I was forced to serve the entire 19 years seven months without any good time or relief.

That I was framed, set up and the government used fraudulent and false evidence to obtain a conviction.

That I hired a Baton Rouge attorney name David A. Hamilton, who agreed to represent me and told me that he knew I was framed and that through investigation he learned that their were cassette tapes and recording from conversations between the so called government witnesses.

That the government witnesses committed murder, sold and traffic in drug to further their crime spree and all under the sole protection of the United States Federal Government.

That Attorney David A. Hamilton spoke to the late Honorable Frank Polozola, who stated he would have the government re-open the case and investigate. That investigation never took place. No word was ever mentioned of any investigation or any evidence.

That all the evidence the state of Louisiana Attorney General seized but failed to turn it over to the defense and failed to use it in court.

That the state of Louisiana Attorney General Investigators and Agents had all the evidence and files but failed to turn it over to the defense.

That the cassette tapes, letters and notes, files, records and documents were turn over to the State of Louisiana and the United States Attorney's Office and none of it was processed. After the trial and my conviction and sentence, the files, records, documents, cassette tapes which was never used was then return to Mr. David A. Hamilton, the new attorney. Mr. Hamilton processed the files and had the cassette tapes transcribed and begin preparing a motion or a special writ to have me released from the illegal sentence imposed just a few months earlier and those requests went to deaf ear.

That the evidence that could have freed me in a judgment of acquittal was withheld from me by the government.

That the government attorneys, agents and officers of the court conspired collectively and together to violate my civil rights, human rights and forged a pack of lies against me to convict me of crimes I never committed. In the case of United States-vs-Jimmy G. Nixon case no. 96-0105B, all witnesses lied under oath, why?

That even the government put family members on the stand to lie one after the other and it became a cross purpose.

That all government witness lied under oath and lied knowing that they were lying and sending an innocent man to prison on bogus and false evidence.

That the government attorneys knew that the evidence they use was bogus and false but still used it.

That Judge Frank J. Polozola knew about the evidence but covered it up from the bench to protect the government. Judge Frank J. Polozola denied every motion, letter and just about everything that was filed in his court with Jimmy G. Nixon's name on it.

That the Federal Bureau of Prisons guards stole, lost, misplaces, destroyed return to sender and seized well over 9,000 pages of evidence, cassette tapes, notes, files, motions and photos. The Bureau of Prisons destroyed them claiming I could not have the small cassette tapes, then I ask them to send them home and my wife to date never received them. Bureau of Prisons lied about the mailings.

That each of the reports was transcribed and numbered by Attorney David A. Hamilton. That it is believed that Mr. David A. Hamilton, Attorney at Law was murdered and did not died of natural death as they lied to the family and public to believe. That all my evidence and files was missing from Attorney David A. Hamilton's office.

That everyone who had vital evidence or information pertaining to my case and could free me end up dead or missing. None of their files were ever located.

That the government knew or should had known that the witnesses they used in the case United States-vs-Jimmy G. Nixon had some connection to terrorist and drug cartel but still use them to convict an innocent man. That this is a conspiracy that was put together and people died.

That it should be noted that some of the letters are written in Chinese and Spanish which I don't write nor read either language. That I trust the court to have it done so it is readable.

That this record was made available to Judge Frank J. Polozola, along with cassette tapes that was never returned.

That this statement is true to the best of my knowledge.

_____<br>Jimmy G. Nixon Sr

State of Texas

County of <u>Dallas</u>

This instrument was acknowledged before me this <u>3rd</u> day of <u>NOVEMBER</u> 2014, By: <u>Jimmy G. Nixon</u> who produced Texas driver license and U. S. Department of Defense Identification. He affirmed that the information in this document is true to the best of his ability and knowledge.



RITA L. NIXON
Notary Public, State of Texas
My Commission Expires
October 03, 2018

_____
Signature of Notary Public

Rita L. Nixon
Print Name of Notary

October 03, 2018
My Commission Expires On

-4-